**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOE FITZ, ET AL., )<br>)<br>Plaintiffs, )<br>vs. )<br>)<br>TOWN OF SHATTUCK, ET AL., )<br>)<br>Defendants. ) | NO. CIV-11-0937-HE |

## **ORDER**

Plaintiffs originally brought this suit against the defendants in state court, seeking damages allegedly suffered when the city sewer backed up into the basement of their home. Defendants removed the case to this court. Presently before the court is defendants Lake Insurance Agency, Inc.'s ("Lake") and Melissa Burke's motion to dismiss plaintiff's asserted "bad faith" claims against them. Plaintiffs have responded and the motion is at issue.

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim when a party fails "to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and those allegations, and any reasonable inferences that might be drawn from them, are construed in the light most favorable to the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

According to the petition, defendants Lake and Burke are the insurance agency and agent, respectively, who procured the plaintiffs' homeowners' insurance policy. [Doc. #1-3,

¶¶ 3-5]. Against these defendants, plaintiffs allege causes of action for breach of contract, negligence, and bad faith. Defendants' motion to dismiss seeks only to dismiss plaintiffs' bad faith claims against them. The defendants do not contest the sufficiency of plaintiffs' breach of contract and negligence claims. For the reasons stated below, the court agrees that plaintiffs have not stated a claim for bad faith against these defendants.

Under Oklahoma law, an insurance agent can be liable to an insured under either breach of contract or tort theories for failure to procure insurance. Kutz v. State Farm Fire & Cas. Co., 189 P.3d 740, 744-45 (Okla. Civ. App. 2008); Swickey v. Silvey Cos., 979 P.2d 266, 268 (Okla. Civ. App. 1999). The contract between the agent and insured can be implied, but the insured must demonstrate the agent agreed to procure insurance with specific terms and failed to do so. *See* Swickey, 979 P.2d at 268-69. Additionally, the agent has a duty to exercise reasonable care and skill in procuring insurance and otherwise performing its tasks. *Id.* at 269. Thus, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Id.* (citations omitted).

To the extent plaintiffs assert a separate tort claim based on violation of the duty of good faith and fair dealing arising out of an insurance contract, the petition does not state a claim. In Christian v. Am. Home Assur. Co., the Oklahoma Supreme Court held a cause of action in tort exists when an insurer breaches the duty of good faith and fair dealing arising from an insurance contract. 577 P.2d 899, 904-05 (Okla. 1977). However, an insurance

agent, as opposed to the insurer, is not ordinarily liable for this tort because the agent is not a party to the insurance contract.  Timmons v. Royal Globe Ins. Co., 653 P.2d 907, 913 (Okla. 1982). Swickey—which discussed good faith in its discussion of the negligence claim potentially available against an agent—is not to the contrary.

Defendants' motion to dismiss [Doc. #17] is **GRANTED** insofar as it addresses plaintiffs' assertion of a separate claim for bad faith.  Plaintiffs contract and negligence claims remain for resolution.

**IT IS SO ORDERED**.

Dated this 25th day of October, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE