# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOE FITZ, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | NO. CIV-11-0937-HE |
| | ) | |
| TOWN OF SHATTUCK, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

The court held a hearing this date on the motions for summary judgment of defendant Town of Shattuck and defendants Melissa Burke and Lake Insurance Agency, Inc. As stated more fully at the hearing, the court concluded that plaintiffs' federal constitutional claim was not ripe for judicial resolution and that their claims against the Town of Shattuck should therefore be dismissed without prejudice. However, as the court's conclusion as to the ripeness issue was based on prudential, rather than jurisdictional, concerns, the court concluded the case was properly removed and that plaintiffs' claims against Melissa Burke and Lake Insurance Agency, Inc. were subject to resolution based on the court's supplemental jurisdiction.

As the claims against Burke and Lake Insurance Agency, Inc. have been addressed by a fully briefed summary judgment motion, and after ample opportunity to develop the claims,[1] the court chose to exercise its supplemental jurisdiction as to those claims. 28 U.S.C. § 1367(c). Summary judgment is appropriate only "if the movant shows that there

---

[1]This case has been pending for over a year.

is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  The court viewed the evidence and any reasonable inferences that might be drawn from it in the light most favorable to plaintiffs, the nonmoving party, and concluded that the motion of these defendants should be granted.

Plaintiffs' claims against Burke and the agency are for breach of oral contract and for negligence, with each claim essentially premised on the allegation that these defendants "failed to disclose that the sewage policy was limited to $5,000.00" [Doc. #1-3 at 1].[2] Defendants assert that a claim based on either theory is barred by the applicable statute of limitations, which is three years as to the breach of oral contract claim and two years as to the negligence claim.  12 Okla. Stat. § 95(A)(2-3).  Defendants' evidence is that they procured the additional sewer backup coverage on the homeowner's policy in February of 2004 and delivered the policy to plaintiffs at that time.  Plaintiffs' summary judgment response provides no evidence or argument to the contrary, or any basis for contesting defendants' suggestion that the period of limitations began to run at that time.  The undisputed facts therefore establish that any claim plaintiffs may have had based on an oral agreement with these defendants or on their negligence in procuring coverage accrued in 2004, more than seven years before this suit was filed.  The claims are therefore barred by the applicable statute of limitations.

For these reasons and as stated more fully at the hearing, plaintiffs' claims against

---

[2]*Plaintiffs also originally asserted a claim that these defendants violated a duty of good faith and fair dealing by failing to provide adequate information about the policy coverage.  The court dismissed that claim in a prior order [Doc. #22].*

defendant Town of Shattuck are **DISMISSED without PREJUDICE**. The summary judgment motion of defendants Melissa Burke and Lake Insurance Agency, Inc. [Doc. #49] is **GRANTED**.

    **IT IS SO ORDERED**.

Dated this 4th day of October, 2012.

                                                _/s/ Joe Heaton_
                                                JOE HEATON
                                                UNITED STATES DISTRICT JUDGE